09-3476-ag
Ren v. Holder

BIA
A070 891 599

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of August, two thousand ten.

PRESENT:
>    DENNIS JACOBS,
>        *Chief Judge.*
>    JON O. NEWMAN,
>    JOSÉ A. CABRANES,
>        *Circuit Judges.*

_____

MEI DIAN REN,
        *Petitioner,*

        v.                                      09-3476-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Anh-Thu P. Mai-Windle, Thomas B. Fatouros, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner, Mei Dian Ren, a native and citizen of China, seeks review of a July 22, 2009, order of the BIA denying his motion to reopen. *In re Mei Dian Ren*, No. A070 891 599 (B.I.A. July 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision unless a regulatory exception applies. 8 C.F.R. § 1003.2(c). The BIA may reopen proceedings *sua sponte* if no exception applies, but we lack jurisdiction to review such discretionary determinations if the BIA applied the correct legal framework. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

We lack jurisdiction to review the BIA's discretionary denial of Ren's motion to reopen. Ren sought to reopen the BIA's 2002 decision "in the interests of justice" so that he

could file a brief in support of his appeal. However, the BIA's clerical error, which resulted in ineffective service of the transcript, briefing schedule, and BIA decision, does not constitute an exception to the statutory time limitation for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Thus, Ren was necessarily invoking the BIA's authority to reopen his proceedings *sua sponte*. *See* 8 C.F.R. § 1003.2(a); *Mahmood*, 570 F.3d at 469 (where an "untimely motion to reopen was not excused by any regulatory exception, [the] motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority"). The BIA's determination as to whether it will exercise its *sua sponte* authority is entirely discretionary and thus beyond the scope of this Court's jurisdiction. *See Ali*, 448 F.3d at 517. There is no indication in the record that the BIA misunderstood its authority or "misperceived the legal background." *See Mahmood*, 570 F.3d at 469. Therefore, because the BIA applied the correct legal framework, this Court lacks jurisdiction to review its discretionary denial of Ren's motion to reopen. *See id.*

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk